**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| LENA GERBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:23-cv-00319-NT |
| | ) |
| ISAAC WARD, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PARTIAL MOTION TO DISMISS**

Before me is a partial motion to dismiss by Defendants Isaac Ward and the Aroostook County Sheriff's Department ("**ACSD**") (ECF No. 4). For the reasons stated below, the motion is **GRANTED**.

**FACTUAL BACKGROUND**

On April 14, 2021, Plaintiff Lena Gerber suffered significant injuries following a police shooting. Compl. ¶¶ 10, 25–27 (ECF No. 1). She sought legal representation to bring claims against the ACSD and its employee Sergeant Isaac Ward for her injuries, but her attorney failed to file a notice of claim within one year of the shooting. Compl. ¶¶ 28–29, 31, 33–34.

With new counsel, she now brings claims under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 against Ward, the ACSD, and unnamed officers (Counts I–III); a claim under the Maine Civil Rights Act against Ward, the ACSD, and unnamed officers (Count IV); a claim for negligence against all Defendants (Count V); a claim for negligent infliction of emotional distress against Ward, the

ACSD, and unnamed officers (Count VI); a claim for negligent supervision against the ACSD and unnamed officers (Count VII); a claim for legal malpractice against Defendant Jeffery Pickering, Esq. (Count VIII); and a claim for vicarious liability against the ACSD (Count IX). Compl. ¶¶ 2–4, 40–141.

Ward and the ACSD have moved to dismiss the state law tort claims against them. Specifically, Ward and the ACSD seek dismissal of Counts V (negligence) and VI (negligent infliction of emotional distress) against them, and the ACSD seeks dismissal of Counts VII (negligent supervision) and IX (vicarious liability) against it. Partial Mot. to Dismiss 1 (ECF No. 4).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." One way to assess whether "the plaintiff has propounded an adequate basis for subject-matter jurisdiction" is to "accept[ ] the plaintiff's version of jurisdictionally-significant facts as true and address[ ] their sufficiency." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). This method requires that I "credit the plaintiff's well-pleaded factual allegations . . . , draw all reasonable inferences from them in her favor, and dispose of the challenge accordingly." *Id.*[1]

---

[1] Defendants Isaac Ward and the Aroostook County Sheriff's Department ("**ACSD**") maintain that dismissal is appropriate under Rule 12(b)(1) or 12(b)(6). Partial Mot. to Dismiss 3 (ECF No. 4). I assess their motion under Rule 12(b)(1).

## DISCUSSION

The resolution of the motion to dismiss turns on whether Gerber has adequately pled compliance with the notice requirement in the Maine Tort Claims Act ("**MTCA**"). The Maine Legislature "enacted the Maine Tort Claims Act as a comprehensive measure to define the standard of liability under state law for governmental entities and employees." *Jackson v. Inhabitants of Town of Sanford*, No. 94-12-P-H, 1994 WL 589617, at *2 n.2 (D. Me. Sept. 23, 1994). Under the MTCA, "[e]xcept as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages. When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter." 14 M.R.S. § 8103(1). Section 8104-A then lists the various exceptions to sovereign immunity. 14 M.R.S. § 8104-A.

Section 8107 of the MTCA requires that a claimant who wishes to bring suit against a governmental entity or its employees first serve notice of the claim with the governmental entity "[w]ithin 365 days after any claim or cause of action . . . accrues." 14 M.R.S. § 8107(1); *see Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 430 (Me. 1987) (explaining that Section 8107's notice requirement applies to governmental employees as well as governmental entities). "The general purposes of notice requirement are to save needless expense and litigation by providing an opportunity for amicable resolution of disputes, and to allow the defendant to fully investigate claims and defenses." *Faucher v. City of Auburn*, 465 A.2d 1120, 1123 (Me. 1983). Failure to substantially comply with the notice requirement by the deadline "bars the suit." *Porter v. Philbrick-Gates*, 2000 ME 35, ¶ 4, 745 A.2d 996; *see* 14 M.R.S.

3

§ 8107(4) ("No claim or action shall be commenced against a governmental entity or employee . . . unless the foregoing notice provisions are substantially complied with."). The MTCA does, however, allow late filing "when a claimant shows good cause why notice could not have reasonably been filed within the 365-day limit." 14 M.R.S. § 8107(1).

Ward and the ACSD urge dismissal of Gerber's tort claims against them because Gerber failed to comply with the MTCA's notice requirement. Partial Mot. to Dismiss 2–3.[2] Gerber admits that she failed to file her notice of claim within 365 days after her claims accrued, in violation of the MTCA, and she does not mount a "good cause" argument as to why her late-filed notice should nonetheless be considered timely. Pl.'s Resp. to Defs.' Partial Mot. to Dismiss ("**Pl.'s Resp.**") 15 (ECF No. 10). Rather, she appears to argue that her claims may proceed notwithstanding her late notice because the MTCA does not apply at all since her injuries arose from the use of a gun, and the shooting was not a discretionary act. Pl.'s Resp. 5, 12–15. Gerber's arguments are not persuasive.

Gerber has alleged tort claims against the ACSD, a governmental entity, and its employees, so the MTCA applies. Assuming for the sake of argument that Gerber's claims fall within exceptions to immunity set forth in Section 8104-A and that she could have brought tort actions against the ACSD and its employees, she still must meet the other requirements of the MTCA, including its notice requirement.

---

[2]  The ACSD and Ward also urge dismissal because Gerber failed to file her tort claims against them within two years, as required by 14 M.R.S. § 8110, and failed to plead a condition precedent, as required by Maine Rule of Civil Procedure 9(c). Partial Mot. to Dismiss 3–4.

4

Gerber's argument that the use of a gun takes her out of the MTCA is misguided. Her claim regarding the gun may be an argument for why she falls within an exception to immunity,[3] but that does not mean that the MTCA ceases to govern her claims. Quite the contrary: if she can establish that she falls within an exception to immunity, in order to bring her suit against the ACSD and its employees, she must comply with the MTCA's notice requirement.

Gerber's argument that the ACSD and Ward cannot show that the shooting was a discretionary act also mixes apples with oranges. Section 8104-B, entitled "Immunity notwithstanding waiver," provides that even if a claimant falls within an exception to immunity as provided in Section 8104-A, a defendant may nonetheless be immune from suit if he or she was performing a discretionary function. 14 M.R.S. § 8104-B(3). Again, assuming for the sake of argument that Gerber can establish that the officer was not performing a discretionary function, she is not thereby relieved of the duty to comply with Section 8107's notice requirement.

Gerber failed to file her notice of claim as required by 14 M.R.S. § 8107. For that reason, her tort claims against Ward and the ACSD are barred.[4]

---

[3] Gerber seems to argue that because Ward used a gun to harm her, her claims fall within the exception to immunity for the "use of any . . . [o]ther machinery or equipment" found in Section 8104-A(1)(G). This argument is dubious, but I need not decide the question here. *See Roy v. Inhabitants of the City of Lewiston*, 42 F.3d 691, 696 (1st Cir. 1994) (labeling argument that 14 M.R.S. § 8104-A(1)(G) includes police use of firearms "a trifle unlikely.").

[4] I do not reach Ward and the ACSD's additional arguments in favor of dismissal, *see supra* n.2, because the notice issue resolves the motion.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants Isaac Ward and the Aroostook County Sheriff's Department's Partial Motion to Dismiss (ECF No. 4). Counts V & VI are **DISMISSED** as to Defendants Isaac Ward and the Aroostook County Sheriff's Department; Count VII is **DISMISSED** as to Defendant Aroostook County Sheriff's Department; and Count IX is **DISMISSED**.

SO ORDERED.

                                                   /s/ Nancy Torresen
                                                  United States District Judge

Dated this 6th day of December, 2023.